UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS MANUEL PENA,

        Petitioner,                               Civ. No. 15-7291 (KM)

    v.

CHRISTOPHER DAVIES,                     OPINION

        Respondent.

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Luis Manuel Pena, is an immigration detainee currently lodged at the Bergen County Jail in Hackensack, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Pena challenges his current immigration detention and requests that he be released from immigration detention during the pendency of his removal proceedings. For the following reasons, Mr. Pena's habeas petition will be denied.

## II. BACKGROUND

Mr. Pena has been in pre-removal immigration detention pursuant to 8 U.S.C. § 1226(c) since February, 2015. Mr. Pena filed his federal habeas petition in this Court in October, 2015. He complains that he has not had a bond hearing since he was placed in immigration detention in February, 2015. On November 16, 2015, after Mr. Pena filed this habeas petition, he appeared before an Immigration Judge ("IJ") for a bond hearing. The IJ denied bond and ordered that Mr. Pena remained detained. Mr. Pena reserved his right to appeal the decision to the Board of Immigration Appeals.

## III. ANALYSIS

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir.2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez,* the Third Circuit noted with respect to the

3

circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. In the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not to release the petitioner from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainees – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

Mr. Pena has now been given the only relief that this Court can enter at this time, namely a bond hearing, which took place before an IJ on November 16, 2015. Mr. Pena does not allege that the November 16, 2015 bond hearing was anything less than a bona fide hearing. This Court, does not have the power to second guess the discretionary decision of the IJ to deny Mr. Pena's release on bond. *See* 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, *or the grant, revocation, or denial of bond or parole*.") (emphasis added); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *see also Morrison* 2013 WL 323340, at *3; or my own decision in *Harris v.*

*Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted). Accordingly, the habeas petition will be denied as Mr. Pena has now received the only relief he could have been granted—specifically, a bond hearing before the IJ.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

DATED: January 5, 2016

_____
KEVIN MCNULTY
United States District Judge